**GULF OIL CORP.**

v.

**THE EDWARD CARD.**

**THE ERIE.**

**No. A–19192.**

United States District Court,
E. D. New York.

May 13, 1954.

Foley & Martin, New York City, Christopher E. Heckman, Warren J. Martin, New York City, of counsel, for libelant.

Purdy, Lamb & Catoggio, New York City, Vincent A. Catoggio, New York City, of counsel, for respondent.

BRUCHHAUSEN, District Judge.

The libelant, owner of the barge Erie, claims damages against the respondent, the tug Edward Card, for negligence.

The Edward Card was engaged to and did tow the barge Erie from Gulfport, Staten Island, to Devon, Connecticut. The voyage was down the Kills, across New York Harbor, through the East River and Hell Gate, down Long Island Sound, to Devon, Connecticut. Upon its arrival, a "little crack" was discovered in the steel plating on the starboard side of the barge, near tank number 4. The claim is for this damage.

The substance of the testimony of Captain Backman, in charge of the libelant's

barge, is that it was built in 1935 (although respondent's counsel claimed it was built in 1924); that on the trip through the harbor swells from passing tugboats and ferries caused the tug, Edward Card, to roll; that in the Sound there was very little rolling; that nothing was put in the log book about swells; that there was an entry made in these words "I don't know when this happen, only way it could happen when tug staying alongside and rolling". The testimony of John Fenstrom, the mate, was limited to what he observed after the barge reached its destination.

On the other hand, Captain Lochstoer, in command of the tug, testified that Captain Backman informed him that the damage was caused by a tug other than the tug Card; that the weather was beautiful; that there were only ordinary swells on the voyage; that at no time did the tug surge, pitch or roll; that no damage to the barge was caused by the tug; that the tug was equipped with rope fenders, spaced from four to six feet apart. Victor Larsen, the pilot of the tug, substantially confirmed the latter testimony, and the Court finds no reason for it to believe to the contrary.

The leading case of Stevens v. The White City, 285 U.S. 195, 52 S.Ct. 347, 76 L.Ed. 699, sets forth the principles pertaining to damage claims arising out of towing barges, viz.:

1. The action is for tort and not on contract.

2. The tug is not the bailee of the vessel in tow or the cargo.

3. The tug owner owes to the tow's owner the duty to use such reasonable care and maritime skill as prudent navigators employ for the performance of similar service.

4. The burden of proof is upon the claimant throughout the trial.

5. Evidence showing a tug's receipt of a tow in good order and its delivery in damaged condition raises no presumption of negligence.

It has also been held that under certain circumstances where an accident occurs in the course of towing, a presumption of negligence arises calling upon the tug owner for an explanation. It injects a doctrine in maritime cases in the nature of the rule of res ipsa loquitur. It has not been so termed in this Circuit, although so termed in The Anaconda, 4 Cir., 164 F.2d 224. That case is based upon Second Circuit cases which so hold. As was said in Waldie v. The Peter C. Gallagher, 2 Cir., 125 F.2d 568, 570, citing those Second Circuit cases cited in the case of The Anaconda, supra:

"The remaining claim is that there was negligence in the makeup of the tow. Appellant asserts that, upon proof of damage to a barge, the tug must bear the burden of explaining the accident and of showing that her conduct was proper, citing The Reichert Line, 2 Cir., 64 F.2d 13; The Stirling Tomkins, 2 Cir., 56 F. 2d 740. We need not pass on whether such a broad construction of those cases is in conflict with Stevens v. The White City, 285 U.S. 195, 202, 52 S.Ct. 347, 76 L.Ed. 699; cf. Commercial Molasses Corp. v. New York Tank Barge Corp., November 17, 1941 [314 U.S. 104], 62 S.Ct. 156, 86 L.Ed. [89], since, whatever the presumption established by the cases cited by appellant, it is applicable only when the accident occurs 'under circumstances in which, if proper care is exercised in performing a similar service, such misfortune does not ordinarily occur.' The Clarence P. Howland, 2 Cir., 16 F.2d 25, 26."

As was said in The Clarence P. Howland, 2 Cir., 16 F.2d 25, 26:

"Where a misfortune occurs without any fault on the part of the tow, under circumstances in which, if proper care is exercised in performing a similar service, such misfortune does not ordinarily occur there. is a presumption of negligence. In other words, the situation calls for an explanation, and there is a duty on the part of the tug to offer evidence to meet the presumption."

However, the mere fact of an unexplained injury itself does not raise the presumption of negligence. See The Clarence L. Blakeslee, 2 Cir., 243 F. 365, cited with approval in Stevens v. The White City, 285 U.S. 195, 203, footnote 1, 52 S.Ct. 347.

It is when the nature of the facts surrounding the injury is such that if proper care is exercised in performing a similar service and such a misfortune does not ordinarily occur, that an inference of negligence may arise. The Clarence P. Howland, 16 F.2d 25, 26.

The aforesaid doctrine of inferred negligence arises from the statement in Stevens v. The White City, 285 U.S. 195, 203, 52 S.Ct. 347, 350, which reads as follows:

"There is nothing about the injury itself to warrant any inference that it resulted from fault or negligence on the part of respondent."

The particular facts of the case may warrant placing the burden of explanation upon the respondent. Sternberg Dredging Co. v. Moran Towing & Transp. Co., 2 Cir., 196 F.2d 1002, 1006.

In the case at bar, there was no forseeable circumstance or reason for making up the tow in other than the usual manner for similar services. In fact, there were neither choppy seas nor excessive rolling nor lack of precautions taken to meet any contingency. Rather, there were only the ordinary occurrences of any towage, completely unattended by any facts, the nature of which would call for some explanation on the part of the respondent. Not only was the usual side-to-side tow proper, but there was nothing other than the usual rubbings between the barge and the tugboat which the 20 year old barge probably could not withstand. See The Lena, D.C., 49 F.Supp. 191, applying The John E. Berwind, 2 Cir., 270 F. 569. This Court believes that to infer or find any negligence in the case at bar would be in violation of the rule of The White City case. Under these facts affirmative negligence must be shown, which was not done. See The

Pride, 2 Cir., 135 F.2d 999, 1002, and The Lapwing, 5 Cir., 150 F.2d 214. For a good discussion of burden of proof, see The Wollaston, D.C., 62 F.Supp. 284, 285, affirmed Martin Marine Transp. Co. v. The Burmuda, 2 Cir., 157 F.2d 431.

There is no evidence of negligence on the part of the respondent and the libel is dismissed with costs in his favor. Submit findings of fact and conclusions of law.